Zaid Brhane WELDEHIWET, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–71604.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

---

*This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**This disposition is not appropriate for publication and may not be cited to or by the

Edward W. Pilot, Esq., Beverly Hills, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

**MEMORANDUM****

Zaid Brhane Weldehiwet petitions for review of the Board of Immigration Ap-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

peals' ("BIA's") decision affirming the Immigration Judge's ("IJ's") denial of her claim for asylum. She also seeks to introduce new evidence into the record and to designate the Netherlands as the country to which she will depart voluntarily.

Our review is limited to the administrative record. *Chouchkov v. INS*, 220 F.3d 1077, 1080 (9th Cir.2000); 8 U.S.C. § 1252(b)(4)(A). Accordingly, we may not consider new evidence a petitioner seeks to introduce, including the declaration and the articles Petitioner seeks to introduce in this case. Moreover, we may not consider issues not raised before the BIA. *See Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999). Thus, we may not consider Petitioner's request to redesignate the country to which she is to depart or to be removed.

Because the BIA conducted an independent examination of the IJ's decision, we must limit our review to the BIA's decision.[1] *Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000). We review the BIA's factual findings under the substantial evidence standard. *Andriasian v. INS*, 180 F.3d 1033, 1040 (9th Cir.1999). We may grant a petition for review only if the evidence presented by the applicant is such that a reasonable fact-finder would have to conclude that the requisite fear of persecution existed. *Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir.2000).

The BIA properly concluded that the country from which Petitioner applied for asylum was Eritrea.[2] Thus, we evaluate her claim with respect to Eritrea. We cannot conclude that the evidence Petitioner presented was so compelling that any reasonable fact-finder would have to conclude that she suffered past persecution or has a well-founded fear of future persecution. *See id.* She suffered no harm from the Eritrean government while in Eritrea; she did not establish that the Eritrean government seeks to punish her for her failure to support Eritrean independence; and she never joined a political group opposing independence or took any affirmative action against independence, but merely failed to vote in the referendum along with tens of thousands of others. Although the record supports the proposition that those who actively engaged in opposition to Eritrean independence or avoided national service may be at risk in Eritrea, it does not show that the Eritrean government persecutes people in Petitioner's position. Accordingly, we must deny the petition.

**PETITION DENIED.**

---

1. We note that, contrary to Petitioner's assertion, the BIA did provide a reasoned decision for its affirmance. One member of the board performed a de novo review of her petition. To the extent Petitioner meant to contend that the application of the streamlining regulations to her case violated due process, we note that *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003) has resolved and precluded such contentions.

2. Petitioner did not contest the IJ's conclusion that she was an Eritrean citizen before the BIA.